Morphy, J.
A motion to dismiss this appeal is made on the ground, that it was taken more than one year after the judgment was rendered. The record shovys, that the petition of appeal was filed on the 9th of November, 1843, and that the judgment appealed from was rendered on the 8th, and signed on the 12th of November, 1842. The counsel for the appellees contends, that according to art. 593, and several others of the Code of Prac tice to which he has referred, the year allowed for appealing must be computed from the day when the final judgment was rendered, and not from that on which it was signed. Arts. 546, 547, 548, 558, 561, 565, 567. This court held otherwise in Cooley v. Seymour, 9 La. 275. We then said: “ A judgment is inchoate only, and no appeal lies from it until it is made perfect by receiving the signature of the Judge. No prescription runs against a party, before he has acquired the faculty of. acting and asserting his rights.” Although, in several articles of the Codes, judgments, as .soon as they ar.e pronounced or rendered, are called *452 final judgments, we have held that they are not so in all respects, and cannot be appealed from until they are signed. 5 Mart. N. S. 105. 7 La. 512. Were we to adopt the literal construction of art. 593 contended for, it would lead to the preposterous result, that if a Judge were to neglect signing a judgment during one year after it was rendered, the party cast might lose by prescription his right of appeal, without ever having had the faculty of exercising it. This construction violates the well known rule, contra non valentem agere non currit prcescriptio.
This action is brought against the defendants as endorsers on two bills of exchange of $3300 each, drawn to their order on Walton & Fullar, of New York ; and the petition contains the usual averments of demand, protest and notice. There was a judgment taken by default below, and confirmed indue course of law. The transcript before us is certified by both the Judge, and the clerk of the District Court, as containing all the evidence adduced on the trial of the cause. We are, therefore, bound to believe that none other was given. The appellants have assigned for error apparent on the face of the record, the insufficiency of the evidence on which the judgment by default was confirmed. It does not establish the agency of I. B. Walton upon whom the Sheriff’s return shows that service of the citation was made, as being the agent of W. H. Walton, one of the defendants, who was absent; nor does it prove the signatures of either of the defendants, or notice of the demand or protest to them as endorsers. A witness testified, that on the return of the drafts under protest, he gave defendants legal and timely notice, and that they promised to make arrangements for the payment of the same. A notary, or other person called as a witness to prove a notice of protest, must state the time, manner, and circumstances under which the notice was given, that the court may judge of its sufficiency. He is not to take upon himself to decide upon such sufficiency, by simply declaring that he gave a legal and timely notice. 12 La. 467. 16 La. 237. As to the vague promise to pay mentioned by the witness, admitting that under an allegation of protest and notice evidence of a subsequent promise to pay can be given, such promise is an agreement to pay money which, under art. 2257 of the Civil Code, must be proved by one credible wit *453 ness, and other corroborating circumstances appearing aliunde. The record shows none in this case. 2 Robinson, 304.
It is, therefore, ordered, that the judgment of the District Court confirming the judgment by default rendered in .the premises, be reversed and set aside, and it is further ordered, that this case be remanded to the inferior court to be proceeded in according to law ; the plaintiffs and appellees paying the costs of this ap-i peal.